DECISION
Joel K. Gerstenblatt ("Gerstenblatt"), administrator of the estate of Anthony Porter ("Porter"), brings this wrongful death action against the Nordic Lodge, Inc. ("Lodge") alleging negligent service of alcohol to Porter. The Lodge moves for summary judgment alleging that the Lodge was acting as a social host and that the Rhode Island Liquor Liability Act ("Act") does not apply. Gerstenblatt objects to this motion and filed a counter motion for summary judgment on identical issues.
 FACTS AND TRAVEL
Anthony Porter was an employee of the Nordic Lodge. On December 18, 1999 the Lodge held its annual Christmas Party for its employees. Porter arrived early that day to help prepare the food for the party. Porter drove himself to the Lodge in his truck.
Several people saw Porter consume alcohol while he was preparing for the party and later during the party. An employee of the Lodge, Marc Dolbey, remembers seeing Porter drinking as early as 10:00 — 10:30 a.m. Another employee, Michael Conley, observed Porter drinking when he arrived that morning around 11:15 — 11:30 a.m. Several people saw porter drinking throughout the day up until the point of his accident.
Several people at the party were concerned about Porter's condition. Porter indicated to his employer that he was staying at the Lodge that evening. However, after the party Porter attempted to get a ride home. Unsuccessful, Porter got in his truck and attempted to drive home. As Porter was leaving the parking lot of the Lodge he drove through hedges and hit a tree, flipping his truck. Porter died as a result of this accident.
On March 2, 2001 Gerstenblatt brought this action alleging that the Lodge was liable for the wrongful death of Porter. In the complaint Gerstenblatt claimed that the Lodge negligently and recklessly served alcohol to Porter on December 18, 1999. The matter is now before this Court on the Lodge's motion for summary judgment. Gerstenblatt objects to the Lodge's motion, and filed a cross-motion for summary judgment. The Lodge objects to the cross-motion.
 STANDARD OF REVIEW
Summary judgment should be granted `"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."' Mitchell v. Mitchell, 756 A.2d 179 (R.I. 2000) (quotation omitted). "In reviewing these materials, the motion justice should draw all reasonable inferences in favor of the nonmoving party and must refrain from weighing the evidence or passing upon issues of credibility." Superior Boiler Works, Inc. v. R.J. Sanders, Inc.,711 A.2d 628, 631 (R.I. 1998). "The movant bears an initial burden of showing that no genuine issue of material fact exists and that therefore the case need not be submitted to the finder of fact." Id. "If the movant satisfies this initial burden, the nonmovant must either point to evidentiary materials already before the court or come forward with its own competent evidence showing the existence of a genuine disputed issue of material fact." Id.
 LIQUOR LIABILITY ACT
Plaintiff argues that the Defendant should be held liable for the death of Porter under Rhode Island's Liquor Liability Act, G.L. 1956 § 3-14-1
et seq. Gerstenblatt asserts two grounds for the Lodge's liability: first, that the Lodge was negligent in its service of alcohol to Porter, under G.L. § 3-14-6; or second, that the Lodge acted recklessly in their service of alcohol to Porter, under G.L. § 3-14-7. Gerstenblatt asserts that they are entitled to summary judgment in this case on either of these two theories. Furthermore, they contend that the Lodge is not entitled to summary judgment on the identical issues.
The Lodge argues that the Liquor Liability Act does not apply in this case. The Lodge acknowledges that the Act applies to commercial vendors, however, it is their contention that the Lodge was not acting in a commercial nature. The Lodge contends that on the day of the accident, they were closed for business, and that they were acting as a social host by hosting a holiday party for its employees. Furthermore, the Lodge asserts that it was the individual owners who were hosting the party, not the commercial entity. Thus the individual owners were acting as social hosts in this instance and are thus immune from liability. For these reasons, the Lodge contends that the Act does not apply to this case. Therefore this Court should grant the Lodge's motion for summary judgment pursuant to the Act and deny Gerstenblatt's request for summary judgment.
Under G.L. § 3-14-3(h) the `"service of liquor' means any sale, gift, or other furnishing of liquor." Additionally, § 3-14-5 states that "[t]he following persons who commit an act giving rise to liability, as provided under § 3-14-6, may be made defendants to a claim under this chapter: (1) An alcoholic beverage retail licensee, and any employee or agent of this licensee . . . ." Thus it is arguable that even though the Lodge was not acting in a commercial nature, their action could be viewed as constituting a gift to their employees. Furthermore, it is arguable that the Lodge or its owners were acting as an agent under this section of the statute.
To be held liable under this Act, Gerstenblatt must demonstrate that the Lodge was either negligent, as defined under § 3-14-6, or that the Lodge acted recklessly, as defined under § 3-14-7. Gerstenblatt moves for summary judgment based on the undisputed facts of this case. However, examining the facts, it is not clear whether the Lodge acted negligently or recklessly. This is a determination to be made by a finder of fact. Thus the Gerstenblatt's motion for summary judgment should be denied. Accordingly, the cross motions for summary judgment pertaining to those counts asserting liability under the Act are hereby denied.
 SOCIAL HOST THEORY
As part of this action Gerstenblatt alleges that the Lodge could also be held liable under a social host theory of liability. Gerstenblatt acknowledges that Rhode Island has yet to adopt a social host theory of liability; however, he contends that it is time that such a theory is adopted. Gerstenblatt asserts that the Lodge had greater capability as a business engaged in the sale of alcohol to observe Porter's condition and take steps to assure that he did not operate a motor vehicle. Gerstenblatt alleges that the Lodge, more so than the average homeowner, should have been aware that Porter was intoxicated and was impaired to drive.
The Lodge argues that they were not open for business, rather were hosting a holiday party for their employees and, as such, they were not engaged in the sale of alcohol. Therefore, it is their belief that this case should be viewed under a social host theory, as opposed to applying the Liquor Liability Act. Furthermore, the Lodge claims that under Rhode Island law social hosts are immune from liability. Therefore, because the Lodge was acting as a social host, they are thus immune from liability.
In reviewing R.I. case law on the "social host" theory of liability, it appears that the R.I. has never adopted this theory. In Ferreira v.Strack, 652 A.2d 965 (R.I. 1995) the R.I. Supreme Court addressed the social host issue; however, Ferreira is distinguishable from the facts in the instant case. In Ferreira, Mr. Strack had been drinking for most of the evening. During this time Mr. Strack consumed alcohol at several different locations before ending up at the home of the Maher's. Mr. Stack had never before meet the Maher's and in fact had not been invited to attend their party. Mr. Stack's status at this party was more akin to that of a trespasser. Here the Lodge was the employer of the deceased.
In light of the differences between the Ferreira case and the instant case, the fact still remains that the R.I. Supreme Court "has never adopted the principle that a social host owes a duty to a third person injured by an intoxicated person who has obtained intoxicating liquor at his or her home." Id. at 968. Furthermore, the Supreme Court ruled that "the creation of new causes of action should be left to the Legislature." Id. For these same reasons this Court will not now apply the social host theory to the facts of this case.
Accordingly, the Lodge's motion for summary judgment as it relates to the "social host" counts is granted and Gerstenblatt's motion relating to the same is denied.
Counsel shall submit the appropriate judgment for entry by the Court after notice.